John D. McKay, Esq.
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
johndmckayatty@gmail.com
(434) 531-9569 Telephone
(407) 264-6551 Fax
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| USMAN L. JALLOH, | ) | No. |
|         Plaintiff, | ) | |
| | ) | |
| | ) | COMPLAINT |
| vs. | ) | AND DEMAND FOR JURY TRIAL |
| | ) | |
| | ) | |
| AIR FRANCE-KLM, S.A., | ) | |
| AIR FRANCE, and DELTA AIR LINES, | ) | |
| INC., | ) | |
|         Defendants. | ) | |
| _____ | ) | |

For his Complaint against Defendants, AIR FRANCE-KLM, S.A., AIR FRANCE (collectively "AIRFRANCE"), and DELTA AIR LINES, INC. ("DELTA"), Plaintiff, USMAN L. JALLOH, alleges the following:

Jurisdiction

This Court has jurisdiction over this civil matter pursuant to 28 U.S.C. §1331 because this is an action arising under an international treaty to which the United States is a party, specifically the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc.106-45, 1999 WL 33292734 (the "Montreal Convention").

## Venue

Venue is proper in this District pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to the claim occurred at and/or *en route* to Washington Dulles International Airport (IAD) located in Loudoun County within this District, and AIRFRANCE and DELTA are deemed by that statute to reside in any judicial district in which they are subject to the Court's personal jurisdiction with respect to this civil action, and/or in any district within Virginia within which their contacts would be sufficient to subject them to personal jurisdiction if that district were a separate State. AIRFRANCE and DELTA lease substantial commercial space at IAD from the Metropolitan Washington Airports Authority, operate regular passenger and cargo flights to and from IAD, employ numerous employees at and around IAD, and regularly solicit business from the citizens of this District. Moreover, with respect to AIRFRANCE, §1391(c)(3) states that a foreign entity such as AIRFRANCE "may be sued in any judicial district."

## Intradistrict Venue

For the reasons set forth in the preceding section and in Local Civil Rule 3(C), venue is proper in the Alexandria Division.

## The Parties

1. Plaintiff, USMAN L. JALLOH, is an individual resident and citizen of College Park, Maryland, and has been at all times relevant hereto.

2. Defendant AIR FRANCE-KLM, S.A. is a Franco-Dutch holding company incorporated under the laws of France, and is a corporate citizen of France.

3. Defendant AIR FRANCE is a wholly-owned subsidiary of Defendant AIR FRANCE-KLM, S.A. incorporated under the laws of France, and is a corporate citizen of France.

4. Defendants AIR FRANCE-KLM, S.A. and AIR FRANCE jointly own, manage and operate an airline that is marketed as "Air France" or sometimes "Airfrance," that is based in France and makes international flights to and from other countries including, *inter alia*, the United States. Those Defendants are collectively referred to herein as AIRFRANCE.

5. Defendant DELTA is a Delaware corporation that is corporate citizen of the State of Georgia, where it maintains its principal business offices. DELTA operates an airline that conducts domestic flights within the United States and international flights to and from other countries including, *inter alia*, France.

## Particulars of the Claim

6. AIRFRANCE operates international passenger flights between Paris Charles de Gaulle Airport (CDG) in France and IAD in Loudoun County, Virginia. Some of those flights are operated for DELTA under a codeshare agreement whereby DELTA is authorized to sell seats on flights that are operated by AIRFRANCE but are advertised as flights bearing DELTA's own flight number and DELTA's insignia, and which are shown in DELTA's schedule of flights.

7. When DELTA sells a seat to a passenger on a flight that is to be operated by AIRFRANCE, under the aforesaid codeshare agreement, the Montreal Convention classifies DELTA as the "contracting carrier" and AIRFRANCE as the "actual carrier," *see* Montreal Conv. Art. 39.

8. Plaintiff was a fare-paying, ticketed passenger on board DELTA Flight 8496 between CDG and IAD on February 26, 2020. The flight was the last of 5 flights that comprised a round-trip itinerary that had its origin and destination in the United States, with stops in France, Sierra Leone and the Republic of Guinea. Under the terms of Article 1 of the Montreal Convention, Plaintiff was engaged in "international carriage" at all times relevant hereto. All 5 of the flights in Plaintiff's

itinerary were marketed and sold as DELTA flights, bearing DELTA flight numbers. All but the first flight were operated by AIRFRANCE.

9. Several hours after the flight departed from CDG, while it was *en route* to IAD, Plaintiff walked from his assigned seat to the aft section of the aircraft, for the purpose of using one of the aircraft's lavatories located in the aft end of the aircraft. The lavatories were located in the same general area as a service galley. When he arrived at the aft end of the aircraft, Plaintiff found several members of the flight's cabin crew, all of whom were employees of AIRFRANCE and acting within the course and scope of their employment, congregating in the galley area. In order to reach the lavatory, Plaintiff had to move in close proximity to the crew members. As Plaintiff passed behind one of the crew members, that crew member suddenly and without warning extended his leg into Plaintiff's path, tripping Plaintiff and causing him to fall face first onto the aircraft's floor.

10. The resulting fall caused injuries to Plaintiff's neck, his elbows, his knees, and other parts of his body. Plaintiff had to apply ice packs to his injuries for the remainder of the flight, and he had to be removed from the aircraft by wheelchair when the flight landed at CDG.

11. The trip caused by the crew member's suddenly extended leg and the resulting fall to the aircraft's floor constituted an unexpected and unusual event that was external to Plaintiff. It was therefore an "accident" that occurred on board the aircraft within the meaning of Article 17(1) of the Montreal Convention. Plaintiff, a passenger, sustained bodily injuries that were caused by the accident.

12. Pursuant to Article 17(1), "the carrier is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

Plaintiff is not required to prove any negligence on the part of the carrier or its employees in order to recover damages under Article 17(1).

13. Unlike its predecessor treaty, the Warsaw Convention of 1929, the Montreal Convention does not apply any limitations or reductions to the amount that Plaintiff may recover, unless the carrier succeeds in proving certain affirmative defenses outlined in the treaty.

14. Under Articles 40 and 41 of the Montreal Convention, both DELTA (the "contracting carrier") and AIRFRANCE (the "actual carrier") are liable to Plaintiff for the injuries he suffered on the flight operated by AIRFRANCE. The language of the treaty provides that DELTA is liable "for the whole of the carriage contemplated by the contract," and AIRFRANCE is liable "solely for the carriage which it perform[ed]." *See* Art. 40. Thus, AIRFRANCE and DELTA are jointly and severally liable for the injuries that resulted from the accident on board the DELTA flight that was operated by AIRFRANCE.

15. As a result of the accident and his aforesaid injuries, Plaintiff suffered great pain and discomfort, disfigurement, embarrassment and mental anguish. To the extent that his injuries are permanent in nature, he will continue to suffer pain, discomfort, disfigurement, embarrassment and mental anguish for the remainder of his life. He has also suffered economic losses resulting from the accident, in the form of loss of income, loss of earning capacity, and expenses of his medical treatment.

16. Plaintiff is entitled to fair compensation from Defendants for his physical injuries, the associated mental distress and anxiety, his pain and suffering and embarrassment, the discomfort, inconvenience and other *sequelae* of his injuries, his economic losses, as well as any and all permanent effects of such injuries, under the strict liability terms of the Montreal Convention.

17. No negligence, wrongful act or omission by Plaintiff contributed in any way to the injuries and/or damages that he sustained.

WHEREFORE, Plaintiff USMAN L. JALLOH demands judgment against Defendants, AIR FRANCE-KLM, S.A., AIR FRANCE and DELTA AIR LINES, INC., jointly and severally, in an amount to be determined by the jury but not less than THREE HUNDRED THOUSAND DOLLARS ($300,000.00), as permitted by the language of the Montreal Convention, as amended, plus pre-judgment interest from February 26, 2020 and post-judgment interest and his costs of this action, together with such other and further relief as the Court and/or jury shall deem just.

PLAINTIFF DEMANDS TRIAL BY JURY.

DATED this 18 th day of June, 2021.

       s/ John D. McKay
       John D. McKay
       Counsel for Plaintiff