HOLLAND & KNIGHT LLP
Angela M. Jimenez, Esq.
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Telephone (703) 720-8638
Facsimile (703) 720-8610

*Attorneys for Defendant Air France-KLM, S.A.,*
*Defendant Air France, and Defendant Delta Air Lines, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| USMAN L. JALLOH, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: 1:21-CV-00740-LO-TCB |
| vs. | ) |
| AIR FRANCE-KLM, S.A., AIR FRANCE, AND DELTA AIRLINES, INC., | ) **ANSWER TO THE COMPLAINT FOR PERSONAL INJURY DAMAGES** |
| Defendants. | ) |

## ANSWER TO THE COMPLAINT

Defendants Air France-KLM, S.A. (incorrectly named here) and Air France ("Air France") and Delta Air Lines, Inc. ("Delta") (collectively, "Defendants") hereby answer Plaintiff's Complaint for Personal Injury Damages ("Complaint") as follows:

### AS TO JURISDICTION, VENUE, AND INTRADISTRICT VENUE[1]

With respect to the introductory paragraphs of Jurisdiction, Venue, and Intradistrict Venue, Defendants state that nothing constitutes a factual matter to

---

[1] Plaintiff's title for these section are jurisdiction and venue. Defendants do not endorse this title and where certain titles are repeated hereafter, they are merely to mimic the organization of Plaintiff's Complaint and in no way represent an agreement or endorsement of the content of Plaintiff's Complaint, except where expressly admitted.

1
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

which a response by Defendants must be pled. If a response is required, Defendants lack sufficient information to admit or deny these allegations. Defendants respectfully refer all questions of law to the Court.

## THE PARTIES

1. Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint and therefore deny same.

2. Defendants deny the allegations in Paragraph 2 of the Complaint except admit that Air France-KLM is a foreign holding company for two separate airlines and is not a proper party to this litigation.

3. Defendants deny the allegations in Paragraph 3 of the Complaint, except admit that Air France, S.A. is a French corporation organized and existing under the laws of France.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint, except admit that Delta is a Delaware corporation and maintains its principal place of business in Atlanta, Georgia.

## PARTICULARS OF THE CLAIM

6. Defendants deny the allegations in Paragraph 6 of the Complaint, except admit that Air France operates passenger flights pursuant to its conditions of carriage and, in some cases, as a codeshare partner, between Charles de Gaulle International Airport (CDG) in France and Dulles International Airport (IAD) in Virginia.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint, except admit that Air France operates some flights pursuant to a codeshare arrangement with Delta. Defendants respectfully refer all questions of law to the Court.

8. Defendants lack sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore deny same. Defendants respectfully refer all questions of law to the Court.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. With respect to Paragraph 12, Defendants state that nothing constitutes a factual matter to which a response by Defendants must be pled. If a response is required, Defendants deny the allegations in Paragraph 12 of the Complaint. Defendants respectfully refer all questions of law to the Court.

13. With respect to Paragraph 13, Defendants state that nothing constitutes a factual matter to which a response by Defendants must be pled. If a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint. Defendants respectfully refer all questions of law to the Court.

14. With respect to Paragraph 14, Defendants state that nothing constitutes a factual matter to which a response by Defendants must be pled. If a response is required, Defendants deny the allegations in Paragraph 14 of the Complaint. Defendants respectfully refer all questions of law to the Court.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## AS AND TO THE PRAYER FOR RELIEF

With respect to the "Prayer For Relief" Paragraph of the Complaint, nothing contained in that paragraph requires an admission or denial. If a response is required, Defendants deny the allegations in the "Prayer For Relief" Paragraph of the Complaint.

## AS AND TO THE JURY DEMAND

With respect to the "Jury Demand" Paragraph of the Complaint, nothing contained in that paragraph requires an admission or denial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each purported cause of action fails to state facts sufficient to constitute a cause of action against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff's rights, if any, against Defendants are exclusively governed by and subject to the provisions of the Montreal Convention and, to the extent not inconsistent with the Montreal Convention, the tariffs of Air France and Delta on file with the United States Department of Transportation and/or counterpart agencies in France and Air France's and Delta's conditions of carriage as referenced in the relevant contract of transportation. Pursuant to the Montreal Convention and applicable tariffs and conditions of carriage, Defendants are not liable to Plaintiff or, in the alternative, the liability of Defendants is limited.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and distinct affirmative defense to the Complaint, Defendants allege that, pursuant to Article 20 of the Montreal Convention,

Defendants are wholly or partly exonerated from liability because the damage was caused or contributed to by the negligence or wrongful act or omission of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and distinct affirmative defense to the Complaint, Defendants allege that, pursuant to Article 21 of the Montreal Convention, the liability of Defendants, if any, for recoverable damages under Article 17 of the Montreal Convention is limited to the lesser of provable damages or an aggregate sum not in excess of 113,100 Special Drawing Rights because: (a) Plaintiff's alleged damages were not due to the negligence or other wrongful act or omission of Defendants or their servants or agents; and/or (b) Plaintiff's alleged damages were solely due to the negligence or other wrongful act or omission of a third party.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and distinct affirmative defense to the Complaint, Defendants allege that, pursuant to Article 33 of the Montreal Convention, the Court lacks subject matter or treaty jurisdiction over Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and distinct affirmative defense to the Complaint, Defendants allege that, pursuant to Article 35 of the Montreal Convention, any cause of action is time-barred.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and distinct affirmative defense to the Complaint, Defendants allege that any claim for injury is barred by the Montreal Convention because Plaintiff's alleged injury was not the result of an Article 17 accident.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and distinct affirmative defense to the Complaint, Defendants allege that, the damages allegedly sustained by Plaintiff, if any, were caused or contributed to by Plaintiff's own negligence or culpable conduct and, thus, Defendants are not liable to Plaintiff. In the event that Plaintiff is entitled to any

damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and/or any person whose negligent acts or omissions are imputed to her.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and distinct affirmative defense to the Complaint, Defendants allege that, the alleged acts and/or omissions of Defendants were not the legal or proximate cause of the damages alleged by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and distinct affirmative defense to the Complaint, Defendants allege that, the alleged incident and any resulting damages were due, in whole or in part, to the fault, negligence, want of care, gross negligence, intentional act or acts or omissions of persons or entities other than Defendants and for which Defendants are neither liable nor responsible and were not the fault.  Alternatively, Defendants' liability to Plaintiff is partial only and should be reduced in proportion to the fault of others in accordance with applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and distinct affirmative defense to the Complaint, Defendants allege that, any alleged dangerous or defective condition was open and obvious.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and distinct affirmative defense to the Complaint, Defendants allege they lacked actual or constructive notice of any alleged dangerous or defective condition, and/or that Plaintiff would disregard the risk of harm.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that the injuries or damages allegedly sustained by Plaintiff, which Defendants deny, were the result of Plaintiff's embarking upon or concurring in an activity and a course of conduct that she knew or should have known would subject her to the hazards and risks out of which the alleged injuries or damages arose, and

Plaintiff's recovery is thereby barred or, in the alternative, diminished in proportion thereto.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that to the extent that Plaintiff failed to exercise reasonable care to mitigate the damages allegedly sustained, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which Plaintiff should reasonably have mitigated.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that some or all of the damages claimed by Plaintiff are limited or not recoverable under the Montreal Convention or under other applicable law. Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that, to the extent that U.S. law other than the Montreal Convention is applicable to Plaintiff's claims, Plaintiff's claims may be preempted, either explicitly or implicitly, in whole or in part, by federal law, treaty or statute, including but not limited to the Federal Aviation Act, the Airline Deregulation Act, and/or applicable Federal Aviation Regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth, separate and distinct affirmative defense to the Complaint, Defendants allege that, to the extent Plaintiff alleges emotional distress or punitive damages claims, such claims are barred or limited by provisions of the Montreal Convention.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that this action is barred by the failure to name a proper party and/or failure to join necessary and indispensable parties.

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth, separate and distinct affirmative defense to the Complaint, Defendants allege that the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth separate and distinct affirmative defense to the Complaint, Defendants allege that the cause of action against Delta and the Air France parties are duplicative and that the Montreal Convention allows for only one recovery.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a twenty-first separate and distinct affirmative defense to the Complaint, Defendants allege that the Court lacks personal jurisdiction over them.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second separate and distinct affirmative defense to the Complaint, Defendants allege that Plaintiff filed this Complaint in an improper or inconvenient venue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants respectfully request leave to assert additional defenses which they deem necessary to their defense of the Complaint during or upon conclusion of their investigation and discovery of the claims of Plaintiff.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

# NOTICE OF APPLICABILITY
# OF THE LAW OF ANOTHER JURISDICTION

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendants give notice that it may rely upon the laws of a foreign country in this matter.

**WHEREFORE**, having generally denied the Complaint and having alleged affirmative defenses, Defendants pray:

1. That Plaintiff take nothing by this Complaint;
2. For judgment and dismissal of all claims;
3. For Defendants' costs and disbursements incurred herein; and
4. For such other and further relief as the Court may deem proper.

Date: August 16, 2021                    HOLLAND & KNIGHT LLP

                                         By:    /s Angela M. Jimenez
                                         Angela M. Jimenez

                                         *Attorney for Defendants*